This is the Commonwealth's interlocutory appeal from an order allowing a motion to suppress by a judge of the Central Division of the Boston Municipal Court Department. The defendant was charged by complaint with various firearm and motor vehicle offenses. The defendant filed a motion to suppress, which the judge allowed after an evidentiary hearing. On appeal, the Commonwealth claims it was error to allow the motion. We agree, and reverse.
Here, as the judge found, the car the defendant was operating was stopped after a State trooper noticed one of its headlights was not illuminated. When the defendant was asked for his license and registration, he produced his girl friend's license, who was the front seat passenger and the car's owner. The defendant told the trooper that his license had been suspended, whereupon the trooper ordered him to exit the vehicle. The trooper informed the defendant that he was not under arrest and that he (the trooper) was going to conduct a patfrisk.
Based on these facts, the judge held that because there lacked reasonable and articulable facts that would justify a reasonably prudent person in the trooper's position to be warranted in the belief that the safety of the officer or another was in danger, the exit order was improper. In rebuttal, the Commonwealth claims that the judge did not address, even after its motion to reconsider, the Commonwealth's argument that the exit order and the patfrisk were lawful because there was probable cause to arrest the defendant for operating a motor vehicle after suspension. We agree.
Here, the trooper had probable cause to arrest the defendant for operating a motor vehicle with a suspended license before the trooper issued the exit order. See G. L. c. 90, § 21 (authorizing warrantless arrest for driving after right to operate is suspended); G. L. c. 90, § 23 (criminalizing operation of motor vehicle after suspension of license to operate). After failing to produce his license, the defendant admitted that his license was suspended. It was only at this point that the trooper issued the exit order.[2] See Commonwealth v. Greenwood, 78 Mass. App. Ct. 611, 616 (2011) ("Where police officers have a reasonable, articulable suspicion that a person in a vehicle has committed, is committing, or is about to commit a crime, they may ... issue an exit order").
Because there was probable cause to arrest the defendant for operating a motor vehicle with a suspended license, the trooper was also justified in searching the defendant. See G. L. c. 276, § 1 ; Commonwealth v. Alvarado, 420 Mass. 542, 550 (1995). It matters not that the trooper told the defendant that he was not under arrest because probable cause is determined based on an objective standard. See Commonwealth v. Hason, 387 Mass. 169, 175 (1982) (probable cause inquiry is "objective"; "subjective beliefs of the police officer are not conclusive on this issue"). Also, a search may precede formal arrest as long as probable cause exists for the arrest and the arrest and the search are "roughly contemporaneous." Commonwealth v. Washington, 449 Mass. 476, 481 (2007). In light of this, it was error to allow the motion to suppress.
Order allowing motion to suppress reversed.

Contrary to the defendant's claim, the existence vel non of probable cause did not require the trooper to perform a license check to confirm that the defendant's license was suspended. "Probable cause exists where 'the facts and circumstances within ... [the trooper's] knowledge and of which [he] had reasonably trustworthy information [are] sufficient in themselves to warrant a [person] of reasonable caution in the belief that' an offense has been or is being committed." Commonwealth v. Hason, 387 Mass. 169, 174 (1982), quoting from Brinegar v. UnitedStates, 338 U.S. 160, 175-176 (1949). The defendant's admission, coupled with his production of a license belonging to another, was reasonably trustworthy information to warrant a person of reasonable caution in the belief that the defendant was operating the car after his right to do so had been suspended.